## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4322 | **DATE** | 4/24/2012 |
| **CASE TITLE** | SBA Towers II LLC vs. Village of Huntley | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

### STATEMENT - OPINION

   Plaintiff, SBA Towers II, LLC, brings this action against defendant, Village of Huntley alleging violation of 47 U.S.C. § 332(c)(7)(B)(iii). This provision of the Telecommunications Act of 1996 ("Act") requires that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." Defendant denied plaintiff's application for a special use permit and variance to construct a cell tower. Plaintiff filed this suit. Jurisdiction is proper under 28 U.S.C. § 1331. Both parties move for summary judgment.

   On August 31, 2010, plaintiff applied to defendant for a special use permit, as well as necessary variances, to build a 175-foot monopole antenna that could house up to five wireless providers. The site for the proposed monopole was in a Union Pacific Railroad right-of-way adjacent to a twenty-four hour Dean Foods processing facility, which has trucks loading and unloading all night, and an empty lot. The Dean Foods property contains six silos reaching up to ninety feet in height.

   On May 9, 2011, a public hearing was conducted on plaintiff's request for a special use permit and variances before the Planning Commission of defendant. After receiving evidence from plaintiff and from objectors, the Planning Commission voted unanimously to deny the requested relief. On May 19, 2011, defendant's Village Board met as a committee of the whole to consider plaintiff's request. The committee of the whole forwarded the matter to the Village Board for formal consideration.

   On May 26, 2011, the Village Board denied plaintiff's petition listing six grounds for the denial: 1) failure to meet the required minimum lot area of 20,000 square feet as the lot area proposed is approximately 8,256 square feet; 2) failure to meet the set back requirement of 1.1 times (192.5 feet) the tower height from any residentially zoned property line as the set back proposed is ten feet; 3) failure to meet the fifteen-foot minimum side yard setback requirement as the proposed setback is 6.5 feet; 4) the proposed facility is not compatible with the 2010 Downtown Revitalization Plan; 5) the proposed use is not compatible with the one and two-story, single-family homes located immediately east of the proposed site; and 6) the location poses a danger to adjacent residential properties in the event of a tower collapse or falling debris such as ice or

**STATEMENT - OPINION**

equipment being used during repairs or construction.

Plaintiff claims this denial violates the Act because it fails to meet the requirement that the decision be in writing and because it is not based on substantial evidence contained in a written record. 47 U.S.C. § 332(c)(7)(B)(iii). "The 'in writing' requirement is met so long as the written decision contains sufficient explanation of the reasons for the permit denial to allow a reviewing court to evaluate the evidence in the record supporting those reasons." Helcher v. Dearborn County, 595 F.3d 710, 719 (7th Cir. 2010). The minutes of the Village Board's May 26, 2011 meeting provide sufficient explanation of the reasons given for the denial for the court to evaluate the evidence contained in the 744-page written record jointly submitted by the parties. The writing need not include a detailed evaluation of the evidence but is "adequate if it provides an explanation that allows [the court], in combination with the written record, to determine if the decision is supported by substantial evidence." Id. The minutes adequately state the reasons for denial. The question is whether those reasons are supported by substantial evidence in the record, which the court now reviews.

Plaintiff sought to build a cell tower in a zoning district classified as an "M Manufacturing District" ("M District") by defendant's zoning code. Huntley, Ill., Ordinance 2009-10.43 (Oct. 8, 2009) ("Code"). The cell tower falls within the Code's definition of Wireless Telecommunications Service Facilities (WTSF). Id., § 156.011. Under the Code, a WTSF is only permitted in an M District when a special use permit is granted for such a use by the Village Board. Id., § 156.045 (B) (2). The Code provides special standards for specified special uses. The special standards for a WTSF include a minimum lot size in an M District of 20,000 square feet and, when a tower is involved, a minimum setback of "1.1 times the tower height from any residentially-zoned property lot line." Id., § 156.068 (F) (5) (d) (ii), (e). A special use in an M District must also comply with the general requirements of an M District one of which is a minimum side yard setback of fifteen feet. Id., § 156.045 (C) (3) (e).

Because plaintiff's proposed use did not meet these three criteria, plaintiff also sought variances to allow the use despite this failure. Under Illinois law, a variance, "is authority extended to a property owner to use his property in a manner forbidden by the zoning enactment, generally upon a showing of hardship." City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc., 749 N.E.2d 916, 926 (Ill. 2001) (internal quotation marks and citation omitted). Decisions to grant or deny a variance are considered legislative actions under Illinois law, 65 ILCS 5/11-13-25 (a), and, under Illinois law, "are subject only to rational basis review." Condo. Ass'n of Commonwealth Plaza v. City of Chicago, 924 N.E.2d 596, 609 (Ill. App. 2010). The Act alters this standard for local government decisions denying variances to construct cell towers by requiring the decision to be supported by substantial evidence in a written record. 47 U.S.C. § 332(c)(7)(B)(iii). The substantial evidence standard is still highly deferential and "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Helcher, 595 F.3d at 723. "The party seeking to overturn the local zoning board's decision has the burden of proving that the decision is not supported by substantial evidence." Id. The substantial evidence standard is essentially the clear error standard so the relevant question is whether defendant clearly erred in refusing to grant the requested variances to allow construction of the WTSF. See, id.

Plaintiff argues there is no evidence in the record supporting denial and that the decision cannot be supported without such evidence. See, VoiceStream v. St. Croix, 342 F.3d 818 (7th Cir. 2003). It contends defendant submitted no evidence during the zoning process and that the testimony of a few residents complaining about aesthetics is not substantial evidence. However, nothing precludes using evidence submitted by plaintiff to support defendant's decision.

Plaintiff argues the variance requested for the tower setback from residential property should have been granted because no occupied buildings were within the 192.5-foot radius of the proposed tower location. The proposed tower's height was 175-feet. No residential building was within a 175-foot radius of the proposed tower. Only the corner of a garage was within a 192.5-foot radius. The tower would be designed to collapse in segments so it would never fall out its full length. No residential structures would be endangered.

**STATEMENT - OPINION**

Plaintiff maintains this evidence shows any setback concerns were not supported by substantial evidence.

Plaintiff's argument glosses over the fact that the setback it is asking for is only ten feet. While the corner of the neighbor's garage may be barely within 192.5 feet of the proposed tower, the neighbor's property line is only ten feet away. Setbacks are measured to the property line not to structures on the adjoining property. Ten feet is less than the required setback for any structure in an M District. Code, § 156.045 (C) (3). According to the report of plaintiff's architect, George Kisiel, of Okrent Associates, Inc., "when monopole structures fail, they do so (typically) at the center of the structure" which results in a fall zone of less than fifty percent the structure's total height. (JT0728).

The evidence shows a proposed ten-foot setback, a 175-foot monopole, the fact monopoles sometimes fail, when they fail they typically collapse near the center with the fall zone being generally less than fifty percent of the structures height. A fifty-percent fall zone would be roughly eighty-seven feet making it likely the debris would fall in significant part on adjoining residential real estate given the proposed ten-foot setback. The question is not whether the 192.5 feet called for by the Code is too large but whether a "reasonable mind might" conclude the ten feet sought for the variance is too little. A "reasonable mind might accept" that ten feet is an inadequate setback given the facts in the record. The substantial evidence standard is met.[1]

Plaintiff discusses in its briefs the lengthy process it has gone through with defendant in attempting to find an acceptable location for a WTSF. However, plaintiff does not argue defendant's actions have had "the effect of prohibiting the provision of personal wireless services" in violation of 47 U.S.C. § 332 (7) (B) (i) (II). Plaintiff's arguments go only to the writing and substantial evidence requirements which have both been met.

For the foregoing reasons, defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

---

1. Because the substantial evidence standard is met for the denial of a variance for a ten-foot setback, it is unnecessary to resolve whether substantial evidence in the record existed for the other grounds listed by the Village Board in the minutes of the May 26, 2011 meeting.